Andy GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–499–CR.

Court of Appeals of Texas,
Corpus Christi.

March 4, 1999.

Alex J. Scharff, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Andy Guzman, appellant, was indicted for aggravated assault with a deadly weapon.[1] He was convicted by a jury and sentenced to ten years imprisonment. By two issues, appellant challenges the judgment complaining of error in the charge. We affirm.

Thomas Martinez was walking to his girlfriend's door when he heard a woman yelling. Turning to his right, he saw Guzman across the street, apparently engaged in an altercation with a young woman. Guzman noticed Martinez's attention and confronted him with the question, "What are you looking at, bitch?" Martinez walked toward Guzman who pulled a revolver and fired it into the air. Martinez turned sideways and backed away from Guzman who then fired three more shots in Martinez's direction. He was uninjured.

Guzman's first issue challenges the trial court's failure to include his requested instruction of the lesser included offense of deadly conduct.[2]

It is error for a trial judge to refuse to submit a charge on a lesser included offense when: (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App.1994); *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993); *Sanders v. State,* 963 S.W.2d 184, 187 (Tex. App.—Corpus Christi 1998, pet. ref'd). That is, when conflicting evidence arises regarding the element of the aggravating circumstance which distinguishes the greater offense from the lesser, the charge should be given. *Royster v. State,* 622 S.W.2d 442, 444 (Tex.Crim. App.1981).

Deadly conduct is a lesser included offense of aggravated assault.[3] *Bell v. State,*

---

1. TEX. PENAL CODE ANN. §§ 22.01(a)(2) & 22.02(a)(2) (Vernon 1994).

2. TEX. PENAL CODE ANN. § 22.05 (Vernon 1994).

3. Aggravated assault is an act where a person intentionally, knowingly, or recklessly causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of an assault. TEX. PENAL CODE ANN. § 22.02 (Vernon 1994). An assault is an act where a person intentionally, knowingly, or recklessly causes bodily injury to another or threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01 (Vernon 1994).

A person is guilty of Deadly Conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury; or if he knowingly discharges a firearm at or in the direction of one or more individuals; or a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied. TEX. PENAL CODE ANN. § 22.05(a), (b) (Vernon 1994). Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded. TEX. PENAL CODE ANN. § 22.05(c) (Vernon 1994).

693 S.W.2d 434, 437–39 (Tex.Crim.App.1985); *Bynum v. State*, 874 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). The only question remaining is whether the record contains evidence that Guzman is guilty only of deadly conduct.

Guzman cites *Hayes v. State*, 728 S.W.2d 804, 809 (Tex.Crim.App.1987), for the proposition that "if evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the court's charge." We agree; however, the record shows no evidence suggesting Guzman merely acted recklessly. Rather, his actions were intended to threaten Martinez.

Guzman did not testify, therefore we are left only with the victim's account of the events. Martinez testified he heard a disturbance. "And I turned to look and that is when this kid yelled at me, 'What are you looking at, Bitch?' And I said, 'I beg your pardon?' And I went to walk toward him. And he pulled out a revolver and he shot it in the air. So, I turned sideways. I said, 'Oh, he is going to shoot me.' I turned sideways like that and started backtracking to my house, to the house. And he takes three shots toward me like that, like shooting at me. I guess they went over the house." Guzman fired from between twenty and twenty-five yards, in Martinez's estimate.

The evidence suggests Guzman intended, at the very least, to threaten Martinez with his gun. Nothing suggests Guzman intended anything other than an assault with a deadly weapon. Poor marksmanship is not a defense to this charge. We find no error and overrule Guzman's first issue.

█ Next, Guzman challenges the court's jury instructions defining the terms "intentionally" and "knowingly." The jury charge in the instant case defined "intentionally" and "knowingly" as follows:

A person acts intentionally, or with intent, *with respect to the nature of his conduct* or to a result of his conduct when it is his conscious objective or desire *to engage in the conduct* or cause the result.

A person acts knowingly, or with knowledge, *with respect to the nature of his conduct or to circumstances surrounding*

*his conduct when he is aware of the nature of his conduct or that the circumstances exist.* A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. (emphasis added)

█ Error occurs when the charge permits the jury, by applying the broad definitions, to convict a defendant of a "result-oriented" offense without finding that he intended the result of his conduct. *See Alvarado v. State*, 704 S.W.2d 36, 38–40 (Tex. Crim.App.1986); *Torres v. State*, 807 S.W.2d 884, 886 (Tex.App.—Corpus Christi 1991, pet. ref'd). In a result-oriented offense, it is not enough for the State to prove that the appellant engaged in conduct with the requisite criminal intent, the State must also prove that the appellant caused the result with the requisite criminal intent. *Cook v. State*, 884 S.W.2d 485, 490 (Tex.Crim.App. 1994). Thus, when the charge defines the culpable mental state in relation to both the nature of the conduct and the result of the conduct, rather than limiting its definition to the result only, the charge is erroneous. *Id.* at 491.

Guzman cites *Sneed v. State*, 803 S.W.2d 833, 836 (Tex.App.—Dallas 1991, pet. ref'd), for the proposition that aggravated assault is a result-oriented offense. Other courts agree. *See Peterson v. State*, 836 S.W.2d 760, 765 (Tex.App.—El Paso 1992, pet. ref'd) (defendant assaulted officer by causing bodily injury during struggle);*Mott v. State*, 835 S.W.2d 256, 259 (Tex.App.—Houston [14 Dist.] 1992, pet. ref'd) (prison guard assaulted an inmate by striking him with a water-filled light bulb).

The cases Guzman cites are distinguishable from the case at hand. The court in *Lugo–Lugo v. State*, 650 S.W.2d 72 (Tex. Crim.App.1983), concluded that the crime of murder can only be committed when the defendant intended to kill and did kill. Simply proving he intended the conduct that resulted in a death is not enough. Hence, murder is a result-oriented crime. Likewise, in each of the aggravated assault cases cited, the courts concluded that the State had to prove the defendant had the requisite mental

state to inflict serious bodily injury. Proving that the defendant intended the conduct is not enough.

However, each of the cases cited involves assault as defined in penal code section 22.01(a)(1). That is, each case dealt with a defendant who actually *caused* bodily injury to a victim. Guzman was accused under section 22.01(a)(2)—*threatening* another with bodily injury, aggravated by making the threat with a deadly weapon. We have found no cases, and Guzman cites none, holding the threat to injure another to be a result-oriented offense.[4] Indeed, we cannot agree that it is. Instead, we hold that assaultive behavior consummated by threat is properly charged by a "nature of conduct" instruction. The distinction lies in the impermissibility of a jury convicting a defendant for civil-style "battery" based only on his conduct while permitting just such a conviction for assaultive threats. *See Sneed,* 803 S.W.2d at 836; *Peterson,* 836 S.W.2d at 765.

We overrule Guzman's second issue and AFFIRM the judgment.

---

4. We note the court in *Peterson* concluded in dicta that threatening another with a deadly weapon or threatening serious bodily injury are prohibitions against *conduct* and not result-oriented offenses. *Peterson,* 836 S.W.2d at 765.

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment.

*See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).