98-01020 Guerra v State of Texas.wpd



No. 04-98-01020-CR


Erik GUERRA,

Appellant

v.

The STATE of Texas,

Appellee

From the 226th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CR-1549

Honorable Sid L. Harle, Judge Presiding(1)

Opinion by: Alma L. López, Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: November 10, 1999

AFFIRMED

 Erik Guerra appeals his conviction for aggravated assault. Guerra was charged by indictment
with committing the offense by shooting Guillermo Flores with a firearm during a drive-by shooting.
At trial, Guerra requested a jury instruction on the lesser included offense of deadly conduct, but the
trial judge denied the request. In his only issue on appeal, Guerra contends that the trial court erred
by denying his request and that he is now entitled to a new trial.

 Charge error is reviewed using the standard set out in Almanza v. State, 686 S.W.2d 157
(Tex. Crim. App. 1985) (op. on reh'g). Under Almanza, an error that was timely objected to at trial
will require reversal if the error is calculated to injure the rights of the defendant, meaning that no
more than some harm must have occurred to the defendant. Arline v. State, 721 S.W.2d 348, 351-52
(Tex. Crim. App. 1986); Almanza, 686 S.W.2d at 171. In the instant case, Guerra timely objected
to the denial of the requested instruction; thus, we will reverse if the trial court was required to
instruct the jury on deadly conduct and the failure to do so resulted in some harm to Guerra.

 A two-part test exists for determining whether a jury charge must include an instruction on
a lesser included offense: First, the lesser included offense must be included within the proof
necessary to establish the offense charged. Second, some evidence must exist in the record that
would permit the jury rationally to find that if the defendant is guilty, he is guilty of only the lesser
offense, and not of the greater offense. See Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim.
App. 1993). Because deadly conduct is a lesser included offense of aggravated assault,(2) we need only
determine whether the record contains evidence that Guerra is guilty only of deadly conduct to
ascertain whether the trial judge erred.

 After reviewing the record, we conclude that nothing in the record indicates that Guerra was
guilty only of deadly conduct. A person commits the offense of deadly conduct if he recklessly
engages in conduct that places another person in imminent danger of serious bodily injury; or if he
knowingly discharges a firearm at or in the direction of one or more individuals, or at a habitation,
building, or vehicle and is reckless about whether the habitation, building, or vehicle is occupied.
Tex. Pen. Code § 22.05(a), (b) (Vernon 1994). Certainly, the evidence in this case indicates that
Guerra was guilty of deadly conduct; however, the evidence does not indicate that he was guilty of
only deadly conduct. Instead, the evidence clearly supports Guerra's guilt of aggravated assault.

 To commit aggravated assault, a person must intentionally, knowingly, or recklessly cause
serious bodily injury to another person, or use or exhibit a deadly weapon during the commission
of an assault. Id. § 22.02. To commit an assault, a person intentionally, knowingly, or recklessly
causes bodily injury to another person or threatens another with imminent bodily harm. Id. § 22.01.
In the instant case, ample evidence exists that Guerra committed an aggravated assault by
intentionally causing serious bodily injury to Guillermo Flores, and by using a deadly weapon to
cause bodily injury to Flores.

 Specifically, Flores testified that upon exiting an Auto Zone store, he heard someone yell,
"Bitch." Knowing that the comment referred to him, Flores turned around to see Guerra and Gabriel
Navarro in Guerra's truck. At that moment, he observed Navarro, who was driving the truck, shoot
him once with a black gun. Having been hit, he looked down at his leg, and then turned again to
observe Guerra fire multiple shots at him with a chrome gun. Flores was struck again, this time in
the buttocks. Flores further testified about the seriousness of his resulting wounds and about his
subsequent disabilities. As to Guerra's motivation for shooting him, Flores explained that both he
and Guerra had been members of the "Ambrose" gang. He described how he (Flores) had been
"exed" out of the gang, and that Guerra had told him that he (Flores) had put him (Guerra) on the
cross, and that as a result, he (Flores) had to die.

 Flores's testimony was supported by the testimony of Officer Alfred Valdez. Officer Valdez
was in the vicinity of the Auto Zone store when he heard the gunshots. He reached the store within
two to three minutes after the shots were fired. He discovered Flores on the ground, bleeding from
his wounds. Valdez questioned Flores about what had occurred and Flores stated that Erik Guerra
had shot him. As to Guerra's motivation for the assault, Tom Zaldivar, an adult probation officer
assigned to the gang unit, testified that Guerra had told him prior to the shooting that he (Guerra)
would fight Flores upon sight.

 Because this testimony indicates that Guerra was guilty of committing the offense of
aggravated assault, Guerra was not entitled to a jury instruction on deadly conduct. See Rousseau,
855 S.W.2d at 673. Thus, the trial judge did not err by denying his request for the instruction. As
a result, we overrule Guerra's issue on appeal and affirm the judgment of the trial court.


 Alma L. López, Justice

DO NOT PUBLISH


1. The Honorable W.E. Bachus presided over the trial.
2. See Bell v. State, 693 S.W.2d 434, 437-39 (Tex. Crim. App. 1985); Guzman v. State, 988 S.W.2d 884, 885
(Tex. App.--Corpus Christi 1999, no pet.).