NUMBER 13-99-317-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ROBERT GENE OILER, Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 24th District Court

 of Jackson County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Yañez

 




Robert Gene Oiler, appellant, was convicted in April 1999 of aggravated assault on a police officer.(1) Appellant challenges
his conviction with one point of error. We reverse and remand. 

 The witnesses at the trial generally agreed on the facts involved in the incident which led to appellant's arrest. On August
27, 1999, officers Darren Stancik and Rick Boone, of the Jackson County Sheriff's Department, were dispatched to an
accident along a state highway. While en route to the accident, the officers were informed that a fight had developed
between the people involved in the accident, and that a baseball bat had been used. Upon arriving, the officers were
warned by people at the scene that appellant was violent and had stated that the police would not take him alive. Stancik
approached appellant, who was bloody from injuries sustained in a fight with his stepson before the officers arrived. 

 When he saw that appellant had a metallic object in his hand, Stancik ordered appellant to put his hands on his car. Instead
of complying with the officer's command, appellant approached officer Stancik in an aggressive manner, swearing and
holding a knife. Initially Stancik drew his pistol, but in a remarkable show of restraint, he holstered his sidearm and used
pepper spray to stop appellant, after appellant had approached to within fifteen feet of the officer. The pepper spray failed
to incapacitate the appellant, so officer Boone assisted Stancik in taking the appellant to the ground. 

 The officers struggled with appellant while he was on the ground, eventually managing to handcuff him. Appellant
continued to struggle even after being handcuffed, kicking and spitting at the officers. As Stancik was retrieving the knife
appellant had brandished, appellant kicked Stancik in the leg, just below his knee. Appellant also threatened Stancik when
he kicked him. Appellant was still on the ground when he kicked Stancik, and the officers left appellant on the ground and
radioed for additional officers and emergency medical services. 

 Appellant remained belligerent throughout the remainder of the evening, threatening most of the people who had contact
with him, and lashing out constantly, even attempting to kick the emergency medical technicians who attempted to treat his
injuries. 

 Appellant was tried before a jury, found guilty of assault on a public servant, and, with enhancements, was sentenced to
ninety-nine years in the Texas Department of Corrections, Institutional Division. The charge provided to the jury at trial
included only the charge of assault on a public servant. Appellant objected to the charge and requested that the charge
include resisting arrest as a lesser-included offense of assault on a public servant. The trial court overruled appellant's
objection, and refused the amendments to the charge. Appellant argues, in his sole point of error, that the trial court erred in
refusing to submit to the jury a charge on the lesser-included offense of resisting arrest. 

 The test to determine whether a defendant is entitled to a charge on a lesser- included offense is: "first, the lesser included
offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must
exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser
offense." Rosseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). "[T]he evidence must establish the
lesser-included offense as 'a valid, rational alternative to the charged offense.'" Forest v. State, 989 S.W.2d 365, 367 (Tex.
Crim. App. 1999) (quoting Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997)). 

 We must first determine whether resisting arrest is a lesser included-offense of assault on a public servant. A person may
be found guilty of assault on a public servant if, as stated in the court's charge to the jury, the person had "intentionally or
knowingly or recklessly caused bodily injury to a person the appellant knew was a public servant while the public servant
was lawfully discharging an official duty." See Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2000). The offense of
resisting arrest is committed when a person "intentionally prevents or obstructs a person he knows is a peace officer . . .
from effecting an arrest . . . by using force against the peace officer [.]" Tex. Pen. Code. Ann. §38.03 (Vernon 1994). The
code of criminal procedure provides that an offense is a lesser-included offense if it can be established by proof of the same
facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. § 37.09 (Vernon 1981). 

 The evidence presented at trial could establish resisting arrest as well as assault on a public servant. The testimony at trial
depicted appellant as being violent and belligerent, lashing out at everyone involved in his arrest. In the course of his
violent behavior, appellant kicked officer Stancik, injuring Stancik. This same evidence, which was used to establish
assault on a public servant, could have also established that appellant was using force against a peace officer to
intentionally prevent the officer from arresting appellant. Therefore, in this case, the evidence would support a charge of
resisting arrest as a lesser-included offense of assault on a public servant. See Tex. Crim. Proc. Code Ann. § 37.09 (Vernon
1981). The first prong of the test laid out in Rosseau is met. See Rosseau, 855 S.W.2d at 672-73. 

 Next, we must be determine if there is some evidence in the record which would have permitted the jury to rationally find
that appellant was guilty only of resisting arrest. See Id.; Forest, 989 S.W.2d at 367. If there is anything more than a
scintilla of evidence, then a defendant is entitled to a charge on the lesser-included offense.Forest, 989 S.W.2d at 367
(citing Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). The jury should be instructed as to a lesser-included
offense "only when that offense constitutes a valid, rational alternative to the charged offense." Arevalo v. State, 943
S.W.2d 887, 889 (Tex. Crim. App. 1997). To decide if the jury should have been given the opportunity to consider
resisting arrest as a rational alternative in the instant case, we compare the offense of assault on a public servant with
resisting arrest. 

 Assault is generally described as a result-oriented offense, in other words, the defendant caused the result with the
necessary culpable mental state. Brooks v. State, 967 S.W.2d 946, 950 (Tex. App.--Austin 1998, no pet); Peterson v.
State, 836 S.W.2d 760, 765 (Tex. App.--El Paso 1992, pet. ref'd); Sneed v. State, 803 S.W.2d 833, 835-36
(Tex.App.--Dallas 1991, pet. ref'd). This Court has noted that, unlike cases in which the defendant is accused of causing
bodily injury, assault is not a result-oriented offense when the charge is based on threatening conduct, as provided in
section 22.01(a)(2) of the penal code. Guzman v. State, 988 S.W.2d 884, 886 (Tex. App.--Corpus Christi 1999, no pet.)
However, in the present case, appellant was charged with causing bodily injury to Stancik; therefore, as charged in this
case, assault is a result-oriented offense and will be discussed as such. 

 Resisting arrest differs from assault in that it focuses on the conduct of the defendant, rather than the result of the
defendant's actions. See Tex. Pen. Code Ann. § 38.03 (Vernon 1994); Brooks, 967 S.W.2d at 950; Pykola v. State, 814
S.W.2d 462, 464 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Assault on a public servant requires that the defendant
intentionally, knowingly, or recklessly caused a particular result, while resisting arrest merely requires intent to commit the
stated conduct. Brooks, 967 S.W.2d at 950. If there is more than a scintilla of evidence that appellant intended to use force
against a peace officer to prevent or obstruct his arrest, then he would be entitled to a charge on the lesser-included offense
of resisting arrest. See Forest, 989 S.W.2d at 367. 

 At trial, several witnesses testified that appellant had stated that the police would not take him alive. Stancik stated that
appellant said he would not obey any of the officer's instructions, and would not be taken without a fight. Both officers
testified that appellant fought and struggled as they attempted to restrain him. Appellant continued to resist throughout the
evening, attempting to strike out at anyone who came near him, including the emergency medical technicians. Appellant
was also verbally abusive, threatening not only Stancik, but also the technicians. 

 Although this testimony supports the conviction for assault on a public servant, it could also permit a jury to rationally find
appellant guilty only of resisting arrest. Appellant used force against the officers to prevent being placed under arrest.
Based on the testimony heard at trial, the jury could have found that appellant intended only to engage in conduct to resist
arrest, as opposed to causing bodily injury to the officer. The testimony adduced at trial wold support a conviction for
resisting arrest as a valid, rational alternative to the charge of assault on a public servant. See Forest, 989 S.W.2d at 367.
The second part of the test is satisfied: appellant was entitled to a charge of the lesser-included offense of resisting arrest.
See Rosseau, 855 S.W.2d at 672-73. 

 When alleged jury charge error is preserved for appeal, any harm, regardless of degree, is sufficient to require reversal of
the conviction. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (opinion on reh'g); Withers v. State, 994
S.W.2d 742, 744 (Tex. App.--Corpus Christi 1999, pet. ref'd). Appellant properly preserved error. 

 The failure of the trial court to charge the jury on a lesser-included offense left the jury with no option but to convict
appellant of the greater offense, or to acquit him entirely. Under such circumstances, the jury is unable to fulfill its role as
factfinder, because the jury is unable to "resolve the factual dispute whether the defendant committed the greater of lesser
offense." Saunders v. State, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995). When a lesser included-offense should be
included in the charge, but is not, there is "the possibility that a jury, believing the defendant to have committed some
crime, but given only the option to convict him of a greater offense, may have chosen to find him guilty of the greater
offense, rather than to acquit him altogether, even though it had a reasonable doubt that he really committed the greater
offense." Id. (citing Beck v. Alabama, 447 U.S. 625, 634 (1980)). A defendant is harmed when the jury is unable to
consider a lesser included-offense to which the defendant is entitled. Id.; Mitchell v. State, 807 S.W.2d 740, 742 (Tex.
Crim. App. 1991); Jiminez v. State, 953 S.W.2d 293, 299 (Tex. App.--Austin 1997, pet ref'd). Appellant suffered some
harm as a result of the trial court's erroneous denial of a charge on the lesser-included offense. Appellant's sole point of
error is sustained. 

 





The judgment of the trial court is REVERSED and REMANDED for new trial. 



 

LINDA REYNA YAÑEZ 

Justice 




Dissenting opinion by Chief Justice 

Robert J. Seerden 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 7th day of December, 2000. 



 * * * * * * * * * * *







NUMBER 13-99-317-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ROBERT GENE OILER, A/K/A CHRIS EDWARD ENKE , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 24th District Court

 of Jackson County, Texas.

 ____________________________________________________________________ 



DISSENTING OPINION

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Dissenting Opinion by Chief Justice Seerden

 

 The majority concludes that the trial court erred in overruling appellant's request for a jury instruction on the lesser
included offense of resisting arrest. I dissent from the majority's opinion. No evidence exists in the record that would
permit a jury to find appellant guilty, if at all, of only resisting arrest. I would thus hold that appellant was not entitled to an
instruction on resisting arrest. 

Applicable Law

 A defendant is entitled to an instruction on a lesser included offense where the proof for the offense charged includes the
proof necessary to establish the lesser included offense and there is some evidence in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. Forest v. State, 989 S.W.2d
365, 367 (Tex. Crim. App. 1999); see alsoBignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994); Rousseau v. State,
855 S.W.2d 666, 672-75 (Tex. Crim. App. 1993), cert. denied, 510 U.S. 919 (1993). 

 There are two ways the evidence may indicate a defendant is guilty only of a lesser offense. Saunders v. State, 840 S.W.2d
390, 392 (Tex. Crim. App. 1992). First, there may be evidence that negates or refutes other evidence establishing the
greater offense. Id. Second, the evidence presented may be subject to two different interpretations. Id. Anything more
than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Bignall, 887 S.W.2d at 23. In other words,
the evidence must establish the lesser included offense as a "valid, rational alternative to the charged offense." Forest, 989
S.W.2d at 367. 

Analysis

 We must first consider whether the proof for the offense charged, that is, assault on a peace officer, includes the proof
necessary to establish the lesser included offense of resisting arrest. Under section 38.03(a) of the Texas Penal Code, a
person resists arrest if he (1) intentionally (2) prevents or obstructs (3) a person he knows is a police officer (4) from
affecting an arrest, search, or transportation of the actor (5) by using force against the peace officer or another. See Tex.
Penal Code Ann. §38.03(a) (Vernon 1994). A person commits an assault on a public servant if he (1) knowingly or
intentionally (2) causes bodily injury (3) to an individual who is a public servant in the lawful discharge of his official duty
(4) when he knew or had been informed that the individual was a public servant. See Tex. Penal Code Ann. §22.01(a)(1),
(b). Resisting arrest is a lesser included offense of assault on a public servant. See Sutton v. State, 548 S.W.2d 697, 699
(Tex. Crim. App. 1977); Lofton v. State, 6 S.W.3d 796, 799 (Tex.App.--Austin 1999, pet. granted). Appellant has met the
first requirement for an instruction. We must next consider whether there is some evidence in the record that would permit
a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. 

 It is at this juncture that I disagree with the majority's analysis. The majority concludes that the evidence adduced at trial
could permit a jury to rationally find appellant guilty only of resisting arrest. According to the majority, the jury could have
found that appellant intended only to resist arrest, and did not intend to cause bodily injury to the officer. 

 The majority focuses on an analysis of appellant's intent to the exclusion of other record evidence. The majority fails to
consider all of the evidence pertaining to appellant's actions both before and after his arrest. Prior to Officer Stancik's
attempts to place appellant under arrest, appellant ignored Stancik's request to put his hands on his car, and instead came
towards Stancik with a knife. Such behavior is not consistent with resisting arrest. Moreover, and significantly, the
evidence showed that, after he was handcuffed, appellant kicked Stancik, causing him injury. A person is arrested when he
has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest or by an
officer or person arresting without a warrant. Young v. State, 622 S.W.2d 99, 100 (Tex. Crim. App. 1981). Appellant's
arrest was complete when he was handcuffed, and thus the later violent actions by appellant could not have been in
resistance to the arrest. Id.; compare Rhodes v. State, 945 S.W.2d 115, 116-17 (Tex. Crim. App. 1997)(no "bright-line" test
provides that mere handcuffing is always equivalent to arrest). 

 Given the foregoing, there is no evidence in the record that would permit a jury rationally to find that if the appellant is
guilty, he is guilty only of resisting arrest. Resisting arrest was not a valid, rational alternative to the charged offense of
assault. See Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). Thus, I would hold that appellant was not
entitled to a charge on the lesser-included offense of resisting arrest, and would affirm the judgment of the trial court. 



 

 ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3). 

Dissenting Opinion delivered and filed 

this 7th day of December, 2000. 



1. Acts 1973, 63rd Leg., p. 883, ch. 399 § 1, eff. Jan. 1, 1974. (amended 1997) (current version at Tex. Pen. Code Ann.§
22.01 (Vernon Supp. 2000)). Appellant was tried under the 1997 amendments to § 22.01. Because the differences between
the 1997 version and the current version of § 22.01 do not affect the provisions at issue in this appeal, the current version
will be cited throughout this opinion.