11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Opinion 

 

Lacy
Brown

Appellant

Vs.                   Nos. 11-03-00253-CR & 11-03-00254-CR --
Appeals from Galveston County 

State
of Texas

Appellee

 

The jury convicted Lacy Brown of aggravated
assault on a public servant.[1]  The jury also convicted appellant of
aggravated assault.[2]  The trial court sentenced appellant to 20
years confinement in the Institutional Division of the Texas Department of
Criminal Justice in each cause. 
Appellant appeals both convictions. 
We affirm the judgment of the trial court in Cause No. 11-03-00253-CR,
and we reverse and render a judgment of acquittal in Cause No. 11-03-00254-CR.

On the night of August 31, 2002, a dispute arose
between appellant and his wife, Kimberly Duchane, over whether they would
return home that night after visiting Duchane=s
aunt in La Marque.  Appellant eventually
forced his wife and daughter into their car. 
As appellant began to drive away, Officer Marcus Cravens of the La
Marque Police Department arrived in response to a disturbance call.   When Officer Cravens arrived, he told
appellant to stop the car.  Appellant did
not stop but proceeded to drive away. 
Officer Cravens chased him through the streets of La Marque.  Two other police officers involved in the
chase were Officer Matthew Wentzel and Officer Jeffrey A. Tyson, both with the
La Marque Police Department.  During the
course of the chase, appellant=s
vehicle struck another vehicle driven by Jesus Aviles.  Eventually, appellant stopped his vehicle,
got out, and began running away from the officers.  A foot pursuit ensued.  Finally, appellant was apprehended and
arrested by Officers Tyson and Wentzel.  








Appellant was charged with endangering a child and
evading arrest, and he pleaded guilty to those two offenses.  The State also charged appellant with the
aggravated assault of Officer Cravens, Officer Wentzel, Officer Tyson, and
Aviles.  Appellant was found not guilty
of assaulting Officer Cravens and Officer Wentzel but was found guilty of
assaulting Officer Tyson and Aviles.

Appellant presents four issues on appeal.  In his first issue, appellant asserts that
the evidence was insufficient to convict him of the assault of Officer Tyson
because Officer Tyson was not performing the duty described in the
indictment.  While appellant does not
specify whether the evidence is legally sufficient or factually sufficient, he
argues only that there was no evidence on this issue and asks this court for an
acquittal.  An acquittal is the
appropriate remedy for legal insufficiency. 
See Collier v. State, 999 S.W.2d 779, 786 (Tex.Cr.App.1999).  Therefore, we have treated appellant=s first issue as a claim that the
evidence was legally insufficient to support the finding that Officer Tyson was
attempting to stop appellant Aon
traffic.@                  

In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d
664, 667 (Tex.Cr.App.2000).

A person commits the offense of assault if the
person intentionally or knowingly threatens another with imminent bodily
injury.  TEX. PENAL CODE ANN. ' 22.01(a)(2) (Vernon Supp. 2004 -
2005).  A person commits the offense of aggravated assault if the person
uses or exhibits a deadly weapon during the commission of an assault.  TEX. PENAL CODE ANN. '
22.02(a)(2) (Vernon Supp. 2004 - 2005). 
Aggravated assault is a felony of the first degree if the offense is
committed against a person the actor knows is a public servant while the public
servant is lawfully discharging an official duty.  TEX. PENAL CODE ANN. '
22.02(b)(2) (Vernon Supp. 2004 - 2005).








Appellant was indicted for intentionally or
knowingly threatening, with imminent bodily injury, a public servant in the
lawful discharge of his official duty. 
The phrase Aon
traffic@ was
included in the indictment to describe the type of duty Officer Tyson was
discharging.  Although there is no
precise definition of the term Aon
traffic@ in the
record, for purposes of this appeal, we will agree with appellant that it
relates to the enforcement of traffic laws. 
There is sufficient evidence in the record that appellant committed
numerous traffic violations, including violating the speed limit, not stopping
at red lights, and refusing to pull over when police officers were in pursuit
and the lights of their vehicles were activated.  We find that, after reviewing all of the
evidence in the light most favorable to the verdict, a rational trier of fact
could have found that, when Officer Tyson tried to stop appellant, the officer
was lawfully discharging his duty to enforce traffic laws.  Appellant=s
first issue on appeal is overruled.  

In appellant=s
second issue on appeal, he argues that there is insufficient evidence that he intentionally
or knowingly threatened Aviles with imminent bodily injury.  We agree.

TEX. PENAL CODE ANN. '
6.03 (Vernon 2003) provides in relevant part:

(a) A person acts intentionally, or with intent,
with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.

 

(b) A person acts knowingly, or with knowledge,
with respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist.  A person acts knowingly, or with
knowledge, with respect to a result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.

 

Again, appellant has not set out whether he claims
that the evidence is legally or factually insufficient.  However, as in appellant=s first issue on appeal, his arguments
are in the nature of legal insufficiency claims; and he again asks for us to
reverse and render a judgment of acquittal on the issue.  We will treat the issue as one claiming legal
insufficiency of the evidence.  See
Collier v. State, supra.

Before a jury could find appellant guilty of
intentionally or knowingly assaulting Aviles, the State has to produce legally
sufficient evidence of appellant=s
state of mind that either appellant=s
conscious objective was to threaten Aviles with imminent bodily injury or that
appellant was aware that his conduct was reasonably certain to threaten Aviles
with imminent bodily injury.  It is not
enough that appellant was either reckless or negligent.








The State claims that there is enough
circumstantial evidence to infer that appellant=s
conduct was intentional or knowing.  We
disagree.  After a thorough review of the
record, we find no evidence, circumstantial or otherwise, that relates to
appellant=s state
of mind concerning Aviles specifically. 
It is undisputed that appellant was driving dangerously and recklessly
throughout the chase; however, the State needed to prove that either appellant=s conscious objective was to threaten
Aviles with imminent bodily injury or that appellant was reasonably certain
that he would threaten Aviles with imminent bodily injury. 

Aviles did not see appellant=s car until after it had already passed
him by, and he did not know the nature of appellant=s
conduct.  At one point during
cross-examination, Aviles admitted that he did not think appellant=s conduct was intentional:

Q: Do you think it was an accident?  He was trying to go around you and
accidentally hit you, correct?  He didn=t intentionally hit you, right?

 

A: Correct. 
I don=t know if
he did or not.

 

                                                           *    *   
* 

 

Q: Mr. Aviles, what I=m
getting at is he didn=t
intentionally threaten you, right?

 

A: No, not intentionally; but when his vehicle hit
me, yeah, I was threatened then.

 

Q: You felt threatened?

 

A: Right.

 

Although Aviles Afelt
threatened@ after
his car was already hit, this testimony is not evidence of the nature of
appellant=s conduct
during the alleged assault.  The issue is
not how the victim felt after the assault because assault by threat under
Section 22.01(a)(2) is a Anature
of conduct@ offense
unlike assault under TEX. PENAL CODE ANN. '
22.01(a)(1) (Vernon Supp. 2004 - 2005) where a defendant actually causes bodily
injury.  Guzman v. State, 988
S.W.2d 884, 887 (Tex.App. -  Corpus
Christi 1999, no pet=n).  The focus is not on Aviles=s perception but upon whether appellant
intentionally or knowingly caused in Aviles a reasonable apprehension of
imminent bodily injury.  In re S.B.,
117 S.W.3d 443 (Tex.App. -  Fort Worth
2003, no pet=n).   








The State produced sufficient circumstantial
evidence that appellant either intended to threaten Officer Tyson with imminent
bodily injury or was reasonably certain that he would threaten him with
imminent bodily injury.  In fact, Officer
Tyson testified that appellant drove his vehicle directly at him while he was
standing outside his patrol car, forcing Officer Tyson to have to jump out of
the way to avoid being hit.  There is no
similar testimony from Aviles or from any other witness who saw appellant hit
Aviles=s
vehicle.  While there is ample evidence
to show that appel-lant acted either recklessly or negligently toward Aviles,
that is not the offense with which the State charged him.  This court concludes that the evidence is
legally insufficient to show that appellant acted either intentionally or
knowingly regarding threats of bodily injury toward Aviles.  We sustain appellant=s
second issue on appeal. 

In appellant=s
third issue on appeal, he asserts that the trial court erred when it admitted
evidence of a prior conviction of burglary of a motor vehicle.  Appellant argues that this error prevented
him from testifying at the guilt/innocence stage of his trial because, if he
testified, he would have Aexposed
[himself] to a damaging disclosure.@

A trial court has broad discretion in ruling on
the admissibility of evidence. See Salazar v. State, 38 S.W.3d 141, 151
(Tex.Cr.App.2001).  As such, the standard
of review for evidentiary decisions by the trial court is abuse of
discretion.  Weatherred v. State, 15
S.W.3d 540, 542 (Tex.Cr.App.2000); Prystash v. State, 3 S.W.3d 522, 527
(Tex.Cr.App.1999).  We will not disturb
the trial court=s ruling
as long as it was within the zone of reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372,
391 (Tex.Cr.App.1991).

As a general rule, prior convictions are
admissible to impeach the credibility of a witness if the crime was a felony or
involved moral turpitude and if the court determines that the probative value
of admitting this evidence outweighs its prejudicial effect to a party.  TEX.R.EVID. 609(a).           The
Court of Criminal Appeals has articulated several factors that are to be used
when determining if the probative value of admitting evidence of a prior
conviction outweighs its prejudicial effect. 
These factors include the impeachment value of the prior crime, the
temporal proximity of the past crime relative to the charged offense and the
witness=
subsequent history, the similarity between the past crime and the offense being
prosecuted, the importance of the defendant=s
testimony, and the importance of the credibility issue.  Theus v. State, 845 S.W.2d 874, 880
(Tex.Cr.App.1992).  The record reflects
that the trial court thoughtfully analyzed the admissibility of the prior
conviction in light of these factors.  We
find that, by considering these factors carefully, the trial court did not
abuse its discretion in admitting evidence of the prior conviction.  We overrule appellant=s
third issue on appeal.








Finally, in appellant=s
fourth issue on appeal, he argues that the jury charge was deficient because it
did not contain an instruction to the jury on the meaning of proof beyond a
reasonable doubt.  The Court of Criminal
Appeals has ruled that such a definition is no longer required.  Paulson v. State, 28 S.W.3d 570, 573
(Tex.Cr.App.2000).  Appellant acknowledges
this ruling, but disagrees with it.  This
court, however, is not in a position to disagree with the Court of Criminal
Appeals.  Appellant=s fourth issue on appeal is overruled.

The judgment of the trial court in Cause No.
11-03-00253-CR (aggravated assault of a public servant) is affirmed.  The judgment in Cause No. 11-03-00254-CR
(aggravated assault) is reversed, and we render a judgment of acquittal.   

 

JIM R. WRIGHT

JUSTICE

 

October 28, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Cause No. 11-03-00253-CR.





[2]Cause No. 11-03-00254-CR.