

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-13-00240-CR

EDDY JAMES HOWARD,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

———————————

From the 413th District Court
Johnson County, Texas
Trial Court No. F47059

MEMORANDUM OPINION

Eddy James Howard was charged with and convicted of two counts of aggravated assault with a deadly weapon and sentenced to 45 years in prison for each count. TEX. PENAL CODE ANN. § 22.02 (West 2011). The charges stemmed from Howard driving his Chevy Astro van into a convenience store. Because the evidence was sufficient to support Howard's conviction for each count and because the jury charge was not erroneous, the trial court's judgment is affirmed.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, Howard contends the evidence is insufficient to support

his conviction for both counts of aggravated assault with a deadly weapon. Specifically

he contends the evidence is insufficient to prove he acted with intent to cause bodily

injury to Laura Schreiner (Count I) or to prove that he placed Bikram Ban in fear of

imminent bodily injury (Count II).

The Court of Criminal Appeals has expressed our standard of review of a

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support
> a conviction, a reviewing court must consider all of the evidence in the
> light most favorable to the verdict and determine whether, based on that
> evidence and reasonable inferences therefrom, a rational fact finder could
> have found the essential elements of the crime beyond a reasonable doubt.
> *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9,
> 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the
> responsibility of the trier of fact fairly to resolve conflicts in the testimony,
> to weigh the evidence, and to draw reasonable inferences from basic facts
> to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point
> directly and independently to the guilt of the appellant, as long as the
> cumulative force of all the incriminating circumstances is sufficient to
> support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the

evidence" includes evidence that was properly and improperly admitted. *Conner v.*

*State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the

prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

## COUNT I

Howard was charged with intentionally, knowingly, or recklessly causing Schreiner bodily injury. He does not contest that Schreiner sustained bodily injury. Instead, he contends the evidence is insufficient to prove that he acted with intent to cause serious bodily injury because there was no evidence he knew Schreiner was in or around the convenience store. Howard further contends that the evidence is insufficient to prove that he acted with intent to cause serious bodily injury because there was "substantial evidence" that the collision was accidental and not intentional or reckless. As proof of this theory, Howard points to testimony that he may have applied the brakes before the collision, he was known to pass out for no reason, and he may have been intoxicated.

Several witnesses saw Howard exit the Elk Food Mart parking lot in his Chevy Astro van, squealing his tires, making a U-turn down the wrong lane of the street, and plowing into the side of the store. The witnesses also stated that Howard made no attempt to stop before hitting the store. Although on cross-examination, witnesses said Howard could have applied the brakes before the collision, they all still believed that he did not do so.

Laura Schreiner testified that Howard was leaving the Food Mart at the time she approached the register. As she was checking out and looking at lottery tickets, she heard tires squealing around the store. She then saw Howard in his vehicle, heading toward the store. It was the last thing she remembered until waking up in the rubble of the store. Schreiner had several cuts and bruises all over her body as a result of Howard's actions.

And, although Howard produced testimony from fellow jail inmates that he had been known to pass out in the jail for no reason, the jail nurse had no verified reports that this had happened. Further, although several witnesses thought Howard was intoxicated, voluntary intoxication is not a defense to the commission of a crime. TEX. PENAL CODE ANN. § 8.04(a) (West 2011).

Because we presume the jury resolved conflicts in the testimony in favor of the prosecution, and the jury is the judge of the credibility of the witnesses, a rational jury could have found that Howard, at the very least, recklessly caused Schreiner bodily

injury. Therefore, reviewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to support Howard's conviction in Count I, aggravated assault with a deadly weapon. Howard's first issue is overruled.

*COUNT II*

Howard further contends the evidence is insufficient to prove that he placed Bikram Ban, the store clerk, in fear of imminent bodily injury, because Ban had not been frightened when Howard came into store demanding money and free gas; there was no testimony that Ban felt threatened or placed in fear of imminent bodily injury when Howard left the store; Ban "didn't have any thought" when Howard hit the building; and there was no evidence of intent because Ban did not perceive a threat.

Testimony showed that Howard had been a regular customer at the Food Mart for a few months prior to the offense. When he demanded money and free gas from Ban a short time before the collision, Howard was laughing and Ban thought he was joking. Ban ultimately gave Howard $2 for gas just to get him to leave. Ban saw Howard start his van and then drive on the wrong side of the road toward the store. According to Ban, Howard was driving very fast, about 70 to 80 miles per hour, as he approached the wall and window behind Ban. Ban said Howard was approaching so fast that Ban could not move. When asked what his thoughts were before the collision, Ban said, "I didn't have any thought. He just came and hit the building." The collision

sent Ban "flying." He landed by the door and was stuck in a pile of debris and glass. He felt scared. Ban stated that now, he feels scared when anyone knocks on the door.

The crux of Howard's argument in this issue is that the evidence was insufficient because Ban did not perceive a threat. However, the Court of Criminal Appeals has said that there is no statutory requirement that a victim must instantaneously perceive or receive the threat of imminent bodily injury as the actor is performing it. *Olivas v. State*, 203 S.W.3d 341, 350-351 (Tex. Crim. App. 2006). Ban saw Howard traveling in his van at a high rate of speed toward the store where Ban was standing. Although Ban did not have any thoughts as Howard sped toward him, he felt scared and still felt scared at the time of the trial. A rational jury could have inferred that Ban was threatened, that Ban perceived the threat, and that Ban was placed in fear as a result of the perceived threat.

Thus, after reviewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to support Howard's conviction in Count II, aggravated assault with a deadly weapon. Howard's second issue is overruled.

**CHARGE ERROR**

In his third and fourth issues, Howard contends that, in the charge to the jury, the trial court erred by failing to limit the definitions of the terms "intentionally" and "knowingly" to the result of the conduct alleged in Count I and to the nature of the conduct alleged in Count II. Howard did not object to the charge on these bases. Thus,

unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

The court's charge to the jury included the complete definitions of "intentionally" and "knowingly:"

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or to cause the result.
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*See also* TEX. PENAL CODE ANN. § 6.03(a) & (b) (West 2011).

Howard argues that because the offense of aggravated assault causing bodily injury is a result-of-conduct offense and the offense of aggravated assault by threat is a nature-of-conduct offense, a charge that defines the culpable mental state in relation to both the nature of the conduct and the result of the conduct rather than limiting the definition to the result only or to the nature only, depending on the offense, is erroneous. Generally, Howard is correct. *See Landrian v. State*, 268 S.W.3d 532, 537 (Tex. Crim. App. 2008) (aggravated assault-bodily injury is result-of-conduct offense); *Johnson v. State*, 271 S.W.3d 756, 761 (Tex. App.—Waco 2008, pet. ref'd) (same); *Guzman v. State*, 988 S.W.2d 884, 887 (Tex. App.—Corpus Christi 1999, no pet.) (assaultive behavior by threat is nature-of-conduct offense). *See also Cook v. State*, 884 S.W.2d 485, 491 (Tex.

Crim. App. 1994) ("It is error for a trial judge to not limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense.").

However, in this case, both definitions were appropriate because both types of conduct were charged. Thus, the trial court did not err,[1] and we overrule Howard's third and fourth issues.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 8, 2014
[CRPM]

---

[1] Even if it was error, Howard did not suffer egregious harm. In this case, the trial court limited the scope of the definitions in the application paragraph pertaining to the alleged conduct. Thus, when those terms are viewed in their factual context, it becomes apparent which conduct element applies to which element of the offense. *See Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995).