Cecilia Christine BROOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00179–CR.

Court of Appeals of Texas,
Austin.

April 24, 1998.

Clyde W. Chandler, Rosebud, for Appellant.

Hollis C. Lewis, Jr., County & District Attorney, Cameron, for State.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

Appellant, Cecilia Christine Brooks, was convicted of assault on a public servant. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West 1994 & Supp.1998). The jury assessed punishment at two years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for two years. On appeal, Brooks asserts two points of error, complaining that (1) the evidence is factually insufficient to support the conviction, and (2) the trial court violated article 36.27 of the Code of Criminal Procedure in its response to a jury question. We will reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1996, police officer Jeffrey Gee responded to a family disturbance report in Rockdale, Texas. This was the officer's second visit to the same residence that day. He arrived at the residence wearing his police uniform. Crystal Smith, who lived in the house, told Officer Gee that she had allowed appellant and her husband, Terrence Brooks, to live in the house for some time while they "got back on their feet." Smith stated there was a disagreement over payment for part of the bills. However, Terrence Brooks told Officer Gee that his cousin had given him

permission to be in the house and that Smith did not have the authority to have him removed.

Officer Gee testified that appellant kept interrupting as he attempted to investigate the situation. He finally told appellant to wait outside on the porch while he conducted his investigation; she did so at first, but soon came back into the house and interrupted again. At that point, the officer physically ushered appellant to the porch, whereupon she became combative and struck him in the eye. Officer Gee then placed appellant under arrest for assault. Appellant was indicted for the offense of assaulting a public servant. The jury found appellant guilty and sentenced her to two years' confinement, probated.

## DISCUSSION

■ Appellant first asserts that the evidence is factually insufficient to support the jury's verdict. In conducting a factual sufficiency review, the court views all the evidence without the prism of "in the light most favorable to the prosecution" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996); *Stone v. State,* 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed).

■ Sufficiency of the evidence is measured against the elements of a hypothetically correct jury charge for the case as authorized by the indictment. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). To show assault on a public servant here, the State first had to show that appellant intentionally or knowingly caused bodily harm to another, Penal Code § 22.01;[1] the State also had to show that the offense was committed against a person the actor knew was a public servant while the public servant was lawfully discharging an official duty, or was committed in retaliation or on account of an exercise of official power or performance of an official duty as a public servant, Penal Code § 22.01(b).

■ Appellant does not dispute that she struck Officer Gee, nor that he suffered bodily harm as a result. Rather, appellant's primary contention is that the evidence is factually insufficient to show that she possessed the requisite mental state when she caused the injury to Officer Gee. A person acts intentionally with respect to the result of her conduct when it is her conscious objective or desire to cause that result. Penal Code § 6.03(a). A person acts knowingly with respect to a result of her conduct when she is aware that her conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

Appellant testified that the incident was entirely accidental. Appellant's husband testified that appellant made no conscious attempt to hit Officer Gee, but was merely trying to free herself from him as he physically guided her to the porch, all of which occurred before she had been placed under arrest. According to Officer Gee's testimony, he started to escort appellant to the porch when she began flailing her arms. He tried to gain control of her by putting both of his arms on her arms, but she kept swinging her arms. They went around in two circles as they struggled, and then she took her left hand, swung it around and struck him in the eye. At that point she was told she was under arrest for assault.

The principles governing the resolution of evidentiary conflicts are well established:

> The jury is the trier of fact, the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. The jury is free to accept or reject all or any part of the evidence presented by either party. Reconciliation of evidentiary conflicts is solely a function of the trier of fact. The jury may draw reasonable inferences and make reasonable deductions from the evidence.

*Miller v. State,* 909 S.W.2d 586, 593 (Tex. App.—Austin 1995, no pet.) (citations omitted).

---

1. Assault may also be committed by recklessly causing bodily harm to another, but that possibility was not authorized in the indictment.

Despite appellant's and Terrence Brooks's testimony to the contrary, a jury could have reasonably inferred from Officer Gee's description of the incident that appellant swung her left hand at the officer with the intention of injuring him or with knowledge that an injury was reasonably certain to occur. Such a conclusion is not so contrary to the evidence as to be clearly wrong and unjust. The point of error is overruled.

In appellant's other point of error, she contends the court abused its discretion and committed reversible error when it improperly gave additional and erroneous instructions to the jury in violation of article 36.27 of the Texas Code of Criminal Procedure.[2] During deliberations in the guilt/innocence phase of the trial, the jury sent a note to the judge. In open court with all parties present, the judge read the note aloud: "We cannot agree. Please advise and instruct." The judge responded by reading a written statement apparently in accordance with article 36.27. He encouraged the jurors to continue deliberating in an effort to arrive at a verdict that would be acceptable to all members of the jury if it could be achieved without doing violence to their own consciences. After reading the prepared statement, however, the judge began questioning the foreperson orally. It is of this colloquy that appellant now complains:

THE COURT: And could I inquire as to—is there a reason for the deadlock?

FOREPERSON: Some believe that she intentionally did it and some believe she didn't intentionally mean to—to harm.

THE COURT: All right. And I hope you understand what I told you concerning matters of law during voir dire. The law is simply that a person may not resist an arrest or resist a police officer's control, even if the police officer is attempting to arrest one unlawfully. And you're responsible for your conduct—if you set about a course of conduct, you're responsible for the natural and probable consequences of your conduct.

FOREPERSON: So, is this about resisting arrest or is this about intentionally meaning to harm him?

THE COURT: This is about whether she intentionally or knowingly harmed him. And basically, the law says, if you do an act, then you're responsible for the natural and probable consequences of that act.

FOREPERSON: Say that one more time.

THE COURT: The law is that, if you undertake and do an act, then you are responsible for the natural and probable consequences of that act. You may not resist a police officer.

FOREPERSON: So, resisting goes in hand with this?

THE COURT: In essence, yes. If an officer tries to control an individual, an individual may not resist that officer's control and/or arrest. When you do so, you do so at your own peril.

FOREPERSON: And so, what happens as a result—

THE COURT: With that law, you have to decide—apply the facts to the law—the law to the facts, I should say.

FOREPERSON: So, it is the same?

THE COURT: In essence yes, And with that, we'd ask you to continue deliberating and arrive at a verdict, if possible.

■ In general, article 36.27 is mandatory, and noncompliance is reversible error. *Revell v. State,* 885 S.W.2d 206, 211 (Tex.App.—

---

2. Article 36.27 states:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. *The court shall answer any such communication in writing,* and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant. All such proceedings in felony cases shall be a part of the record and recorded by the court reporter. Tex.Code Crim. Proc. Ann. art. 36.27 (West 1981) (emphasis added).

Dallas 1994, pet. ref'd). When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction. *Daniell v. State,* 848 S.W.2d 145, 147 (Tex.Crim.App.1993). In the present case, the judge's response was substantive.

■ Our review of the record, however, reveals that appellant made no objection to the court's oral statements to the jury. Because appellant failed to object at trial, her point of error may be sustained only if she can show egregious harm, *i.e.,* harm so great that she was denied a fair and impartial trial. *See Skinner v. State,* 956 S.W.2d 532, 544 (Tex.Crim.App.1997); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). Errors that result in egregious harm are those which affect the essential dispute in a case or disturb the basis of the defensive theory. *Almanza,* 686 S.W.2d at 172; *see also Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

■ In determining whether egregious harm occurred, a reviewing court must review the error "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial court as a whole." *Almanza,* 686 S.W.2d at 171. In some cases, erroneous jury instructions alone can demonstrate egregious harm. *Hutch,* 922 S.W.2d at 171; *see Ruiz v. State,* 753 S.W.2d 681, 687 (Tex.Crim.App.1988) (failure of judge to instruct jury on State's burden, which effectively lowered State's burden of proof, may have misled jury and was egregious harm); *Manning v. State,* 730 S.W.2d 744, 750 (Tex. Crim.App.1987) (improperly stated burden of proof which may have harmed appellant was egregious harm).

■ In the present case, the jury evidently had deadlocked on the issue of whether appellant possessed the mental state required for the offense of assault. We read the judge's oral statements in that regard to say that if one intentionally resists arrest or control by an officer and, in the process,

causes bodily injury, then that person is guilty of assaulting the officer regardless of the intent to injure because bodily injury is a natural result of such resistance. That is an incorrect statement of the law. To be guilty of assault, one must intend the *result* of the conduct, not just the conduct itself. *See Fuller v. State,* 819 S.W.2d 254, 256 (Tex. App.—Austin 1991, pet. ref'd). The elements of the offense of resisting arrest are that one intentionally prevents or obstructs an officer from effecting an arrest, search or transportation of the actor or another person by the use of force against the officer. *See* Penal Code § 38.03. The requisite mental state for resisting arrest differs from that required by the offense of assault on a public servant. The critical distinction for purposes of the present case is that assault requires intentionally or knowingly causing a certain *result,* while resisting arrest merely requires intent to commit the stated *conduct.* Compare *Fuller,* 819 S.W.2d at 256, *with Pyykola v. State,* 814 S.W.2d 462, 463–64 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). The oral comments made by the trial court in this case blurred, if not eliminated, that distinction.

In examining the present case for egregious harm, we recognize that while the evidence was factually sufficient to support a conviction, it was not overwhelming. The original jury charge contained accurate instructions concerning the required mental state. With those correct instructions, the jury was deadlocked; after the additional but erroneous oral instructions were delivered, however, the jury quickly came to a unanimous verdict of conviction. The jury's question to the court concerned the nature of the requisite mental state, which comprised the only essential factual dispute in the case. Appellant was not charged with resisting arrest, but with assault. The court's error affected the very basis of the case, vitally affecting appellant's primary defensive theory, *i.e.,* that the strike and resulting injury were accidental. Considering the record as a whole, we conclude that appellant has demonstrated egregious harm. The point of error is sustained.

## CONCLUSION

Having sustained appellant's second point of error, we reverse the judgment of conviction and remand the cause to the trial court for a new trial.