# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00632-CV

## In the Matter of J. L. O.

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-20,956, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

The State filed a petition alleging that appellant J. L. O. had engaged in delinquent conduct by assaulting two public servants, one a teacher and the other an education assistant. *See* Tex. Pen. Code Ann. ' 22.01 (West Supp. 2002). The district court held a hearing and found that J. L. O. had engaged in delinquent conduct by assaulting the education assistant. After a disposition hearing, the court placed J. L. O. on nine months= probation. J. L. O. appeals, contending the evidence is legally insufficient to support the district court=s findings. We will affirm the judgment.

In March 2001, J. L. O. was in a behavior management program at Pflugerville Middle School, part of Pflugerville Independent School District. Teacher Julie Millegan and education assistant Kathleen Blair were two of the adults in charge of the program. During a class period, Millegan instructed J. L. O. to return to his seat; he went to his desk and sat sideways in his chair, a violation of the classroom=s rules requiring all students to sit facing forward. When Blair asked J. L. O. to turn around and sit properly, he Astood up and his fists were clenched.@ Blair said as J. L. O. stood, she was Apetrified.@ She testified

that she was trained to deal with such a situation by using A[v]erbal intervention and as a last resort we are trained for therapeutic holds if at any time we feel that the student is a danger to himself, other students, or to ourselves.@ Blair felt J. L. O. was a threat to himself, the other students, or herself and Millegan. Millegan approached J. L. O., attempting a Averbal intervention,@ attempting to calm him verbally before the situation escalated. Millegan lowered her head to speak calmly to him, but J. L. O. Awas yelling and screaming and his fists were clenched and the language was way out of line for any child and we had other students in the classroom.@ Blair and Millegan testified that J. L. O. began screaming that they should not touch him and that he was going to Awale@ on them.

Millegan said J. L. O. attempted to strike her but did not make contact. Blair saw J. L. O. move toward Millegan with his fists still clenched and raise one arm, but she could not say if he was swinging at Millegan. Blair testified, AHe leaned his body in towards her which led me to believe that Ms. Millegan was in danger, and that=s where my training goes into effect, what I am trained to do.@ Blair grabbed J. L. O.=s right wrist and placed her left leg inside his right foot and Millegan did the same on his other side, attempting to place him in an Aapproved therapeutic hold.@ J. L. O. started bucking his torso, knocking Blair with his shoulder and causing her to lose her grip. Millegan testified, AWe were trying to do a two-man hold. [J. L. O.] pulled out of that. His adrenalin was very high and he=s very strong.@ Millegan then attempted a single-person hold, and she and J. L. O. fell backwards onto the floor, J. L. O. continuing to yell obscenities and threaten the teachers. During the altercation, Blair=s thumb and knee were injured, requiring surgery to correct. We review adjudications of delinquency in juvenile proceedings under the same standards of review we use to review the sufficiency of the evidence supporting a jury=s verdict in a criminal case. *In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.CAustin 1999, pet. denied); *In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.CTyler 1999, no pet.). To evaluate the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *L.M.*, 993 S.W.2d at 284. The State must prove beyond a reasonable doubt that the juvenile committed an offense, thus engaging in delinquent conduct. Tex. Fam. Code Ann. ' 54.03(f) (West Supp. 2002); *B.M.*, 1 S.W.3d at 206. A trial court=s findings of fact entered after a bench trial have the same force and dignity as a jury=s verdict. *B.M.*, 1 S.W.3d at 206; *In re T.D.*, 817 S.W.2d 771, 777 (Tex. App.CHouston [1st Dist.] 1991, writ denied).

3

J. L. O. first contends that the evidence is insufficient to show he knowingly, intentionally, or recklessly caused bodily injury to Blair. We disagree.

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Pen. Code Ann. ' 22.01(a) (West Supp. 2002). Assault is elevated from a Class A misdemeanor to a third-degree felony if it is committed against a person the assailant knows to be a public servant while that public servant is lawfully discharging an official duty or because of the performance of an official duty. *Id.* ' 22.01(b)(1) (West Supp. 2002).

Generally, a person who acts without the requisite culpable mental state does not commit an offense. *Id*. ' 6.02(a) (West 1994). A person acts intentionally if he consciously desires to engage in the illegal conduct or cause the result. *Id*. ' 6.03(a) (West 1994); *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). A person acts knowingly if he is aware of the nature of his conduct or that his conduct is reasonably certain to cause the result. Tex. Pen. Code Ann. ' 6.03(b) (West 1994). A person acts recklessly if he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *Id.* ' 6.03(c); *Navarro v. State*, 863 S.W.2d 191, 205 (Tex. App.CAustin 1993), *pet. ref=d*, 891 S.W.2d 648 (Tex. 1994). Intent can be proven by circumstantial evidence and can be inferred from a defendant=s acts, words, and conduct. *See Beltran*, 593 S.W.2d at 689; *Moyer v. State*, 948 S.W.2d 525, 530 (Tex. App.CFort Worth 1997, pet. ref=d); *Zuliani v. State*, 903 S.W.2d 812, 827 (Tex. App.CAustin 1995, pet. ref=d).

Here, J. L. O. made motions that both Millegan and Blair interpreted as threatening. He swore at the teachers and threatened to hurt them and to Awale@ on them. Millegan testified that he

4

attempted to swing his fist at her before she and Blair tried to place him in the therapeutic hold. When they attempted to restrain him, he began bucking his torso violently, wrenching himself out of Blair=s grip. Although J. L. O. attempts to characterize his behavior as a simple attempt to prevent himself Afrom being thrown to the ground,@ Blair=s and Millegan=s testimony characterized it as a more violent reaction. Millegan said he Apulled out of@ and Aripped out of@ her and Blair=s hands.

This cause is similar to *Brooks v. State*, in which we held the evidence sufficient to support a conviction of assault on a public servant when the defendant struck a police officer as he attempted to usher her to a porch to stop her from interrupting an interview. *Brooks v. State*, 967 S.W.2d 946, 947-48 (Tex. App.CAustin 1998, no pet.). The defendant and her husband both testified that the incident was accidental and not the result of a conscious effort to hit the officer, but that the defendant Awas merely trying to free herself from [the officer] as he physically guided her to the porch.@ *Id.* at 948. The officer said he began to escort her to the porch when Ashe began flailing her arms. He tried to gain control of her by putting both of his arms on her arms, but she kept swinging her arms. They went around in two circles as they struggled, and then she took her left hand, swung it around and struck him in the eye.@ *Id.* We held that, despite the testimony of the defendant and her husband, a jury could reasonably have inferred that she swung Awith the intention of injuring [the officer] or with knowledge that an injury was reasonably certain to occur.@ *Id.* at 949. We noted that assault may be committed recklessly but that such a possibility was not authorized by the indictment. *Id.* at 948 n.1. Here, J. L. O. similarly reacted violently, injuring Blair as she attempted to restrain him; assault by recklessly causing injury was authorized by the State=s petition. We hold that the evidence is sufficient to support a finding that J. L. O.=s violent attempts to resist restraint after

5

he made threatening movements and verbal threats were reckless at a minimum; they caused Blair injury and constituted assault. We overrule J. L. O.=s first issue on appeal.

J. L. O. next contends that the evidence is insufficient to establish that Blair was a public servant discharging a legal duty. Although J. L. O. concedes that courts have broadly defined who is a public servant, he contends that not every school district employee should be considered a public servant.[1] He also contends that the evidence does not show she was discharging an official duty. We disagree. The law defines a person as a public servant if she is Aelected, selected, appointed, employed or otherwise designated as . . . an officer, employee, or agent of government.@ Tex. Pen. Code Ann. ' 1.07(a)(41)(A) (West 1994). Government is defined as the state, a county, municipality or political subdivision, or any branch or agency of the state, a county, municipality, or political subdivision. *Id.* ' 1.07(a)(24) (West 1994). The evidence shows that Blair was employed by the Pflugerville Independent School District. We hold that Blair was a public servant as defined by the penal code. *B.M.*, 1 S.W.3d at 207.

J. L. O. argues that A[a] ministerial act such as instructing a student how to sit in a desk can

---

[1] J. L. O. cites for support the previous version of the statute governing an assault on a teacher, under which certain assaults were elevated from Class C to Class A or B misdemeanors if committed against Aa classroom teacher, counselor, principal, or other similar instructional or administrative employee of a primary or secondary school accredited by the Texas Education Agency@ while engaged in educational duties. *See* Act of May 27, 1989, 71st Leg., R.S., ch. 739, ' ' 1, 2, 1989 Tex. Gen. Laws 3304, 3304-05 (amended 1995, 1997, 1999) (current version at Tex. Pen. Code Ann. ' 22.01 (West Supp. 2002)). Rather than supporting J. L. O., this cuts against his contention. An education or teaching assistant is arguably a Asimilar instructional or administrative employee,@ and thus assault on an assistant under the old statute would be an elevated offense. Further, the legislature revised the statute, using the broad definition of Apublic servants@ as officers, employees, or agents of the state, county, municipality, political subdivision, or any branch or agency of the state, a county, municipality, or political subdivision. Tex. Pen. Code Ann. ' 1.07(a)(24), (41)(A) (West 1994). This indicates an intent to extend the law=s protection to all school employees.

hardly be deemed an official act or duty,@ but cites no authority for this point. Teachers must have the authority to establish rules and maintain discipline within their classrooms. J. L. O. disobeyed the classroom=s rules and then made threatening motions when asked to correct his behavior. Millegan first tried to calm J. L. O. and to defuse the situation. When Blair and Millegan felt threatened, they responded by attempting to restrain J. L. O. until he calmed down. During their attempt to restrain him, J. L. O.=s violent resistance injured Blair. We hold that Blair was Alawfully discharging an official duty@ by assisting Millegan in controlling J. L. O.=s unruly and potentially threatening behavior.

J. L. O. further contends that even if Blair was a public servant, the record contains no evidence that he knew she was a public servant. To elevate simple assault to assault on a public servant, the offender must know that the person he assaults is acting as an agent, officer, or employee of a governmental branch or agency; he need not know the victim=s legal status as a public servant. In other words, the offender must realize that he is assaulting a teacher, school district employee, police officer, or firefighter, but does not have to know that teachers, school employees, police officers, or firefighters are defined by the penal code as public servants. *See* Tex. Pen. Code Ann. ' 8.03(a) (West 1994) (ignorance of the law is no defense); *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (evidence showed intent to assault public servant where defendant struck uniformed police officer). Here, J. L. O. concedes that the evidence supports an inference that he knew Blair was an education assistant; he need not have known that her employment gave her special legal standing under the penal code. We overrule J.L.O.'s second issue.

Having overruled J.L.O.'s contentions on appeal, we affirm the district court=s adjudication of delinquency.

7

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   August 8, 2002

Do Not Publish