In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00143-CR
______________________________


HENRY LEE GIVENS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31709-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            When Henry Lee Givens struck his common-law wife, Detosha Cox, in the mouth during an
argument, it was not the first time he had hit her or some other woman. Having previously been
convicted for assaulting Cox, Givens stood trial for third-degree felony assault causing bodily injury
to a family member. After a Gregg County jury convicted Givens and recommended a sentence of
ten years' confinement, the trial court sentenced him accordingly.
            On appeal, Givens asserts that the trial court's charge to the jury erroneously contained an
instruction that the jury could consider extraneous offenses for the purpose of determining Givens'
intent and that the trial court egregiously harmed him in responding to a jury note during jury
deliberations on Givens' punishment. We hold (1) the trial court's charge was proper, and (2) the
trial court's response to the jury note was not egregiously harmful. Therefore, we affirm the trial
court's judgment.
(1) The Trial Court's Charge Was Proper
            During trial, evidence was introduced that Givens had assaulted Cox on numerous other
occasions and that she had obtained a protective order against him. Cox also testified that Givens
had written "kill" in fingernail polish on her mirror and that he had stuck a knife in her coffee table
holding a note saying he was not playing. 
            The trial court charged the jury that it could consider evidence of extraneous offenses only
if it found beyond a reasonable doubt that Givens had committed the offenses and, if so, could
consider that evidence only to determine Givens' intent. Givens did not object to the charge. 
Because no objection was made to the charge, no error was preserved. Therefore, we are to reverse
only if there was error in the charge that resulted in egregious harm.


 Almanza v. State, 686 S.W.2d
at 172.
            We first examine the record to determine whether any error occurred. Here, the instruction
was a proper statement of law. See Ex parte Varelas, 45 S.W.3d 627, 631–32 (Tex. Crim. App.
2001). Evidence of Givens' other bad acts was admitted in trial; and, to prove the offense charged,
the State had to show he caused injury to Cox intentionally, knowingly, or recklessly. See Tex. Pen.
Code Ann. § 22.01 (Vernon Supp. 2004–2005). The instruction was not erroneous.
            Even if the instruction had been erroneous, we do not see how a proper statement of law
could deny Givens a "fair and impartial trial," "go to the very basis of the case," "deprive the
defendant of a 'valuable right,'" or "vitally affect his defensive theory." See Almanza, 686 S.W.2d
at 172. We overrule Givens' first point of error.
(2) The Trial Court's Response to the Jury Note Was Not Egregiously Harmful
            While deliberating on Givens' punishment, the jury sent a note to the trial court asking,
"What happens if he is fined and he can't pay?" The trial court wrote beneath the jurors' question,
"NOTHING!" 
            Givens argues that the trial court's answer "essentially told the jury to disregard one-half of
the range of punishment" and amounted to an improper judicial comment on the weight of the
evidence. According to Givens, the trial court's "emphatic" answer to the jury's note "conveyed the
trial court's feelings on punishment." By using all capital letters and the exclamation point, the trial
court unnecessarily emphasized its response and may have communicated more than the word
"nothing," alone, would communicate.



            Conduct by a trial court constitutes a comment on the weight of the evidence if the comment
is reasonably calculated to either benefit the State or to prejudice the rights of the defendant. Marks
v. State, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981). While the trial court's emphatic response
could have been meant to communicate frustration with the jury question itself, it could also be
understood to disfavor a fine and thus favor imprisonment, the two main options available to the jury
in assessing Givens' punishment. Therefore, we will review it as error.
            The reporter's record contains no contemporaneous discussion concerning the jury's note, the
trial court's answer to it, or any objection to the answer.


 Therefore, we will presume that the trial
court's response to the note was in open court, in Givens' presence, and that he had an opportunity
to object. See Green v. State, 912 S.W.2d 189, 192–93 (Tex. Crim. App. 1995).
            Where the trial court responds substantively to a jury question during deliberations, that
communication essentially amounts to an additional or supplemental jury instruction. Brooks v.
State, 967 S.W.2d 946, 950 (Tex. App.—Austin 1998, no pet.). Stating that "nothing" would happen
to Givens if a fine were not paid is essentially a statement of law and thus an instruction to the jury.


 
Even if such is the case and even if it is error, such judicial statement must be met with a timely
objection by the defendant. Id. Where not objected to, an appellant's claim of error in the jury
charge must demonstrate egregious harm. Almanza, 686 S.W.2d at 172; Brooks, 967 S.W.2d at 950
(citing Skinner v. State, 956 S.W.2d 532, 544 (Tex. Crim. App. 1997)). Both parties address this
issue as one that calls for an Almanza egregious-harm analysis. We agree and, therefore, consider
whether the trial court's response denied Givens a "fair and impartial trial," went "to the very basis
of the case," "deprive[d him] of a 'valuable right,'" or "vitally affect[ed] his defensive theory." See
Almanza, 686 S.W.2d at 172. We hold it did not.
            Givens testified at the punishment phase that he had previously pled guilty to another assault,
a family violence charge involving another girlfriend, and that he had made his living selling drugs. 
Cox testified Givens had not had a job in the five years she had known him, and Givens himself
testified that he made his living selling crack cocaine. The record contains evidence of numerous
prior offenses admitted to by Givens on the stand and the testimony of Cox regarding Givens' beating
her on more than twenty occasions. 
            Givens was not eligible for community supervision. Evidence was admitted of his 1996
conviction for unauthorized use of a vehicle. He does not claim, and we see no record, that he filed
an application for community supervision or an affidavit that he was eligible for such. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2004–2005). Therefore, on Givens'
conviction, some period of incarceration was required. Evidence was also adduced of his seven
other misdemeanor convictions. Evidence was introduced of his unruly behavior in the county jail
including spitting on jailers, his combative nature which required restraints, trying to hang himself
with a shoe lace, and possession of marihuana in jail. 
            In closing arguments, neither counsel for Givens nor the State made any mention of imposing
a fine as part of Givens' punishment. Givens' attorney did elicit testimony from Cox, during the
punishment trial, that she did not want Givens to go to prison


 and that she was not afraid of him. 
To the jury, however, Givens' counsel asked for a sentence of four years, the State, ten. 
            The trial court's response to the jury's note did not cause Givens egregious harm: the court's
response did not vitally affect his defensive theory or go to the basis of the punishment trial. 
Almanza, 686 S.W.2d at 171. As a fine was never addressed by Givens, the trial court's answer did
not directly affect the essential dispute in the case, or disturb the basis of the defense theory. See
Brooks, 967 S.W.2d 950. Givens was not egregiously harmed.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 28, 2005
Date Decided:             August 18, 2005

Do Not Publish