# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00506-CR

**David Degnan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 622754, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant David Degnan guilty of assault with family violence, for which the court assessed a 120-day jail term. *See* Tex. Pen. Code Ann. § 22.01(a), (b) (West Supp. 2005). He contends that the evidence is legally and factually insufficient to sustain the jury's verdict, and that hearsay testimony was admitted in violation of the rules of evidence and his constitutional confrontation right. Finding no reversible error, we affirm the conviction.

Officer Cynthia Seago was dispatched to an Austin apartment to investigate a domestic violence report. The only person at the apartment when she arrived was Lori Garcia, the person who had phoned in the report. Seago testified that Garcia "was trembling, her voice was breaking, periodically, throughout my contact with her, she would break into tears." Garcia told Seago that she and appellant had been arguing about appellant's use of Garcia's credit card. She said

that when she began to walk away from appellant, he approached her from behind, wrapped a shoelace around her neck, and began to choke her. She said that she became dizzy and fell forward, striking her head on the wall. After this, appellant left the apartment.

Seago described seeing "a very distinct indention [sic] encircling [Garcia's] neck" and "an abrasion and swollen area on the left side of her forehead." A second officer took photographs of Garcia at the scene that were admitted in evidence. Two are photographs of her neck and forehead on which marks consistent with the described attack can be seen.

Garcia testified for the defense. She said that she had been angry and upset with appellant for several days because of his use of her credit card. During an argument three days earlier, appellant had called the police and accused Garcia of assaulting him. As a result, Garcia had been arrested and spent several hours in jail. She testified that on the day in question, she decided to "get back at" appellant by having him arrested. Garcia acknowledged making the statements attributed to her by Seago, but she insisted that she had lied when she accused appellant of assaulting her. She also acknowledged being upset and trembling in the officer's presence, but she attributed this to her anger at appellant and resentment of her arrest three days earlier. She said that she made the mark on her neck by choking herself with a shoelace before calling 911. She dismissed the mark on her forehead as merely a skin blemish.

Seago's testimony recounting Garcia's accusations against appellant was admitted over appellant's hearsay objection pursuant to the excited utterance exception. *See* Tex. R. Evid. 803(2). At the close of evidence, appellant renewed his hearsay objection and moved that Seago's testimony be struck in light of Garcia's trial testimony. The motion was denied. In two points of

2

error, appellant contends that the State failed to show that Garcia's statements to the officer were excited utterances within the meaning of rule 803(2).

Appellant did not preserve this contention for review. With exceptions not applicable here, to preserve error in the admission of evidence, a party must object each time the evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Although appellant objected when Seago testified to Garcia's out-of-court statements, he did not object when Garcia effectively repeated the statements during her cross-examination by the State. Moreover, appellant voiced no objection to the admission in evidence of the written "assault victim statement" that was prepared by Seago and signed by Garcia on the day of the alleged assault. This document identifies Garcia as the victim and appellant as the suspect, and it describes appellant's conduct as follows: "choked w/shoelace, causing lightheadedness, 'tingle,' caused fall & hit head." Appellant forfeited his objection to the admission of Seago's hearsay testimony when he later twice failed to object to the admission of the same evidence. Points of error three and four are overruled.

Appellant also contends that the admission of Garcia's out-of-court statements violated his constitutional confrontation right. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; *see also Crawford v. Washington*, 541 U.S. 36 (2004). Appellant did not object to the evidence on this ground and does not contend that he did. Instead, he relies on the prosecutor's reference to a Confrontation Clause opinion, *White v. Illinois*, during a discussion with the court regarding whether the predicate had been laid for the admission of an excited utterance. *See* 502 U.S. 346 (1992). Appellant argues that this demonstrates that the prosecutor and trial court understood him to be making a confrontation objection. We disagree. Although the prosecutor and trial court may have appreciated that the admission of hearsay in a criminal prosecution implicates

3

the Sixth Amendment, appellant gave them no reason to believe that he was asserting a Sixth Amendment claim. Indeed, after the discussion to which he refers, appellant repeated his objection to Seago's testimony:

> I would like to renew my objection to the excited utterance. They haven't been able to show when the exciting—which exciting event, how many exciting events or when the excitement and her symptoms or her fright and crying and nervousness and shaking began. Whether it was before the—before this alleged assault or whether it had been going on for some two or three days.

Having failed to object to the alleged violation of his confrontation right at trial, appellant is foreclosed from making this claim on appeal. *See* Tex. R. App. P. 33.1(a), *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Points of error five and six are overruled.

Appellant's challenges to the sufficiency of the evidence rely on this instruction in the jury charge:

> You are instructed that witnesses may be impeached by showing that they have made other and different statements out of court, from those made before you on the trial. You may consider such impeaching evidence, if any, as it may tend to affect the weight to be given the testimony of the witnesses so impeached and their credibility, if it does so do; but, such impeaching evidence, if any, is not to be considered by you as tending to establish the alleged guilt of the defendant, or any fact in the case.

Appellant argues that Garcia's statements to Seago describing the alleged assault were "other and different statements out of court, from those made before you on the trial" and that, under this instruction, the statements cannot be considered "as tending to establish the alleged guilt of the defendant, or any fact in the case." Appellant contends that without Garcia's out-of-court statements, the evidence is legally and factually insufficient to support his conviction.

4

Seago's testimony recounting the statements Garcia made at the apartment was offered and admitted to prove the truth of the matters asserted, that is, as substantive evidence of appellant's guilt. Later, when Garcia was cross-examined by the State regarding the inconsistencies between her trial testimony and her oral and written statements to the police, appellant did not request an instruction limiting the jury's consideration of this evidence to impeachment. *See* Tex. R. Evid. 613(a). Therefore, this evidence also was admitted for all purposes. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). Under the circumstances shown by this record, the jury instruction at issue was not within the law applicable to the case insofar as it told the jury not to consider Garcia's out-of-court statements as evidence of guilt. *See id.* Appellant concedes in his brief that "not giving this charge may not have been error" under *Hammock*, but urges that the sufficiency of the evidence must nevertheless be measured in light of the instruction because it was given without objection by the State.

At one time, the sufficiency of the evidence to sustain a criminal conviction was measured against the court's jury charge. *See Boozer v. State*, 717 S.W.2d 608, 610-12 (Tex. Crim. App. 1984); *Benson v. State*, 661 S.W.2d 708, 714-15 (Tex. Crim. App. 1982) (op. on reh'g). Even if the jury charge erroneously increased the State's burden of proof, it was given effect on appeal if the State did not object at trial. *See Boozer*, 717 S.W.2d at 610-12. This so-called *Benson/Boozer* line of cases was overruled in *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). *Malik* holds:

> No longer shall sufficiency of the evidence be measured by the jury charge actually given. . . . [S]ufficency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment,

does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. . . . [T]he standard we formulate today ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted.

*Id.* (citations and footnote omitted). Appellant acknowledges the holding in *Malik*, but he argues that it should apply only when the jury charge misstates the elements of the offense or, as in *Malik*, erroneously conditions a conviction on the admissibility of certain evidence. He urges that *Malik* should not be applied when the charge erroneously limits the jury's use of certain evidence. He cites no authority supporting this argument.

Appellant is asking this Court to do exactly what the *Malik* court said should not be done: reverse his conviction and order an acquittal not because of an actual failure of proof, but because of an error in the jury charge. We see no principled reason why, despite the holding in *Malik*, this Court should be bound by the jury instruction that erroneously prohibits consideration of Garcia's out-of-court statements as evidence of guilt. Because Garcia's statements were admitted for all purposes, we conclude that a hypothetically correct jury charge for this case would not limit the jury's consideration of those statements to impeachment only. Viewing all the evidence—including Garcia's out-of-court statements to the police—in the light most favorable to the jury's verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency standard of review); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same). Point of error one is overruled.

6

This Court also measures the factual sufficiency of the evidence against a hypothetically correct jury charge. *Brooks v. State*, 967 S.W.2d 946, 948 (Tex. App.—Austin 1998, no pet.). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). In this case, the jury had to make a credibility choice between Garcia's trial testimony and her reported statements to Officer Seago. Garcia acknowledged at trial that she and appellant "are definitely friends now trying to work things out for our daughter" and "trying to have a relationship to where we can communicate and be very civil for our daughter." The jury was in the best position to determine whether Garcia was telling the truth at trial or bending the truth in order to preserve her relationship with appellant. We conclude that the jury's resolution of this issue in favor of appellant's guilt is not manifestly unjust. *See Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence of guilt is not too weak or the contrary evidence too strong to support a finding of guilt beyond a reasonable doubt. *See Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 13, 2006

Do Not Publish