NO. 12-07-00071-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RANDY ADAIR,                                                 §                 APPEAL FROM THE 349TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Randy Adair appeals his conviction for assault on a public servant. In one issue, Appellant
argues that his trial counsel rendered ineffective assistance in violation of his right to counsel under
the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas
Constitution. We affirm.
 
Background
            Appellant was charged by indictment with assault on a public servant, a third degree felony.


 
The indictment alleged that Appellant intentionally, knowingly, or recklessly caused bodily injury
to Ashley Moreland, a public servant. The indictment also included one enhancement paragraph,
alleging that Appellant had previously been convicted on a felony offense. Appellant pleaded “not
guilty,” and the matter proceeded to a jury trial. The evidence showed that Moreland, a juvenile
correctional officer with the Crockett State School, noticed Appellant had a square piece of paper,
or contraband, under his shirt. Because Appellant refused to show her the paper, she reached out
with her left hand and lifted Appellant’s shirt to take the paper. As she did so, Appellant “grabbed”
her wrist and twisted it, causing the wrist to “pop.” According to Appellant, he “gently” wrapped
his hand around Moreland’s wrist and pushed her away. He denied intending to harm her. 
            On cross examination, the State asked Appellant if he was in the Crockett State School for
aggravated sexual assault of a child under fourteen years old. Appellant confirmed that he was. 
Appellant’s counsel did not object. Further, the State asked Appellant how many “documented
incidences” he had at the school. He replied, “Over 300.” These incidences included forty-two
security admissions of which thirty-one were for assault on youth, and seven incidents of assault on
staff, both by offensive contact and bodily injury. Again, Appellant’s counsel did not object. 
            After both the State and Appellant rested and closed their cases, Appellant’s counsel stated
that she had no objections to the jury charge. The charge described the mens rea of the alleged
assault as a “nature of conduct” offense regarding whether Appellant intentionally or knowingly
committed an assault, and as a “result of conduct” offense regarding whether Appellant recklessly
committed the offense. During closing arguments, the State argued that Appellant was not
believable or credible because he had been convicted of a crime of moral turpitude and was a sex
offender. In its rebuttal argument, the State listed Appellant’s documented incidents within the
correctional system, including his assaults on staff by offensive contact and bodily injury. 
            After the trial concluded, the jury found Appellant guilty of assault on a public servant as
alleged in the indictment. The trial court found the enhancement paragraph to be “true,” and
assessed Appellant’s punishment at fifteen years of imprisonment.


 Appellant filed a motion for new
trial and in arrest of judgment, but he did not raise the issue of ineffective assistance of counsel. No
hearing was held on the motion for new trial and it was overruled by operation of law. This appeal
followed.
 
 
Ineffective Assistance of Counsel
            In his sole issue, Appellant argues that trial counsel rendered ineffective assistance in
violation of his right to counsel under the Sixth Amendment to the United States Constitution and
article I, section 10 of the Texas Constitution. More specifically, he complains that trial counsel
failed to object when the State impeached him with a juvenile adjudication, failed to object when
the State questioned him regarding unadjudicated extraneous offenses, and failed to request proper
jury instructions regarding the mens rea for assault. The State argues that Appellant has not
established that he was deprived of effective assistance of counsel or that any deficiency in trial
counsel’s performance prejudiced his right to a fair trial.
Standard of Review
            In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme
Court’s two pronged test in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
674 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first
prong of the Strickland test, an appellant must show that counsel’s performance was “deficient.”
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). “This requires showing that counsel made errors so serious that counsel was not functioning
as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. To be successful, an appellant must “show that counsel’s representation fell
below an objective standard of reasonableness.” Id., 466 U.S. at 688, 104 S. Ct. at 2064; Tong, 25
S.W.3d at 712.
            Under the second prong, an appellant must show that the “deficient performance prejudiced
the defense.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. The
appropriate standard for judging prejudice requires an appellant to “show that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been
different.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068. 
            Review of a trial counsel’s representation is highly deferential. Tong, 25 S.W.3d at 712. We
indulge in a “strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. It is the appellant’s burden
to overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d
at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. An appellant must prove
both prongs of the Strickland test by a preponderance of the evidence in order to prevail. Tong, 25
S.W.3d at 712. 
            However, a substantial risk of failure accompanies an appellant’s claim of ineffective
assistance of counsel on direct appeal. Thompson, 9 S.W.3d at 813. Rarely will a reviewing court
be provided the opportunity to make its determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving such a serious allegation. Id. In the
majority of instances, the record on direct appeal is simply undeveloped and cannot adequately
reflect the failings of trial counsel. Id. at 813-14.
Juvenile Adjudication and Extraneous Offenses
            Appellant first argues that his trial counsel failed to object when the State impeached him
with a juvenile adjudication. Rule 609(d) of the Texas Rules of Evidence states that evidence of
juvenile adjudications is not admissible, except for proceedings conducted pursuant to Title III of
the Family Code, or the Juvenile Justice Code, unless required to be admitted by the United States
Constitution or the Texas Constitution. Tex. R. Evid. 609(d). Neither Appellant nor the State
claims that Appellant’s juvenile adjudication was admissible under the family code or juvenile
justice code or that it was required to be admitted by the United States or Texas Constitution. 
Further, according to the Texas Family Code, an order of adjudication or disposition in a proceeding
under the Juvenile Justice Code is not a conviction of a crime. Tex. Fam. Code Ann. § 51.13(a)
(Vernon Supp. 2007). An adjudication that a child engaged in conduct on or after January 1, 1996
that constituted a felony offense resulting in commitment to the Texas Youth Commission is a final
felony conviction only for the purposes of penalizing repeat and habitual felony offenders. Tex.
Fam. Code Ann. § 51.13(d) (Vernon Supp. 2007). Thus, Appellant’s juvenile adjudication may not
have been admissible.
            Secondly, Appellant contends that trial counsel failed to object when the State questioned
him regarding more than 300 unadjudicated extraneous offenses. Evidence of other crimes, wrongs
or acts, although relevant, is not admissible to prove the character of a person in order to show action
in conformity therewith. Tex. R. Evid. 404(b). Extraneous offense evidence may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). If extraneous offense
evidence is not relevant apart from supporting an inference of character conformity, it is inadmissible
under Rule 404(b). Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on
reh’g). After the opponent objects to the evidence under Rule 404(b), the proponent of the evidence
has the burden to satisfy the trial court that the evidence has relevance apart from its tendency to
show character conformity. Id. Trial counsel did not object to the extraneous offense evidence nor
did she demand that the State prove the extraneous offenses had relevance apart from their tendency
to show that Appellant acted in conformity therewith. See id.
            However, the record does not contain any evidence from trial counsel’s perspective
concerning why she did not object when Appellant was questioned regarding his juvenile
adjudication or his unadjudicated extraneous offenses. When the record is silent about trial
counsel’s reasons for choosing a particular course of action, finding trial counsel ineffective would
call for speculation by an appellate court. See Stults v. State, 23 S.W.3d 198, 208 (Tex.
App.–Houston [14th Dist.] 2000, pet. ref’d). We will not engage in such speculation. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Whatever trial counsel’s reasons may have
been for not objecting to the State’s question regarding the juvenile adjudication and the
unadjudicated extraneous offenses, we must presume, in the absence of a record identifying these
reasons, that counsel proceeded deliberately as part of sound trial strategy. See Stults, 23 S.W.3d
at 209. Thus, Appellant has not met his burden to prove, by a preponderance of the evidence, that
these aspects of trial counsel’s representation fell below the standard of prevailing professional
norms. See Thompson, 9 S.W.3d at 813.
            Further, even if the decision not to object was unreasonable, Appellant has not shown that
he suffered prejudice. It is not sufficient to show merely that the errors had some conceivable effect
on the outcome of the proceeding. See Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Virtually
every act or omission of counsel would meet that test. Id. Rather, Appellant must show that trial
counsel’s errors “actually had an adverse effect” on the case. Id. Appellant has not shown that any
failure to object had an adverse effect. Although Appellant admitted grabbing Moreland, he denied
intentionally or knowingly injuring her. Appellant argues that his credibility as a witness was
damaged by the introduction of the juvenile adjudication and the unadjudicated extraneous offenses,
which resulted in his conviction. However, the jury could have disbelieved Appellant’s testimony
that he intentionally or knowingly injured Moreland but found that his actions were reckless, which
was also charged in the indictment. Based upon a review of the record before us, we cannot
conclude as a matter of law that Appellant has shown there is a reasonable probability of a different
result if his trial counsel had objected to the State’s impeaching him with the juvenile adjudication
or questioning him about the unadjudicated extraneous offenses.
Jury Instructions
            Appellant also argues that trial counsel failed to request proper jury instructions regarding
the mens rea for assault. To be guilty of assault, one must intend the result of the conduct, not just
the conduct itself. Brooks v. State, 967 S.W.2d 946, 950 (Tex. App.–Austin 1998, no pet.). In other
words, an assault is a “result of conduct” offense. Kelly v. State, 748 S.W.2d 236, 239 (Tex. Crim.
App. 1988); Mendenhall v. State, 15 S.W.3d 560, 567 (Tex. App.–Waco 2000), aff’d, 77 S.W.3d
815 (Tex. Crim. App. 2002). However, the jury was instructed that the mens rea of an alleged
assault is a “nature of conduct” offense regarding whether a person intentionally or knowingly
commits an assault, and is a “result of conduct” offense regarding whether a person recklessly
commits an assault. In his brief, Appellant states that it is “undisputed” that he intentionally grabbed
Moreland’s arm and that whether he intended the resulting injury was not encompassed by these jury
instructions. However, the State contends that Appellant’s actions were most likely to be proven as
reckless.
            We have no evidence from trial counsel’s perspective concerning why she did not request
proper jury instructions regarding the mens rea for assault. When the record is silent about trial
counsel’s reasons for choosing a particular course of action, finding trial counsel ineffective would
call for speculation by an appellate court. See Stults, 23 S.W.3d at 208. We will not engage in such
speculation. See Jackson, 877 S.W.2d at 771. Whatever trial counsel’s reasons may have been for
not requesting proper jury instructions, we must presume, in the absence of a record identifying these
reasons, that counsel proceeded deliberately as part of sound trial strategy. See Stults, 23 S.W.3d
at 209. Thus, Appellant has not met his burden to prove, by a preponderance of the evidence, that
this aspect of trial counsel’s representation fell below the standard of prevailing professional norms. 
See Thompson, 9 S.W.3d at 813.
            Further, even if the decision not to request proper jury instructions was unreasonable,
Appellant has not shown that he suffered prejudice. Although Appellant admitted grabbing
Moreland, he denied intentionally or knowingly injuring her. However, the jury could have found
that Appellant’s actions were reckless, which was authorized by the “result of conduct” instruction. 
Based upon a review of the record before us, we cannot conclude as a matter of law that Appellant
has shown there is a reasonable probability of a different result if his trial counsel had requested
proper jury instruction regarding the mens rea for assault.
 
Conclusion
            Appellant has not established that his trial counsel rendered ineffective assistance by failing
to object when the State impeached him with a juvenile adjudication, failing to object when the State
questioned him regarding unadjudicated extraneous offenses, or failing to request proper jury
instructions regarding the mens rea for assault. Accordingly, we overrule Appellant’s sole issue. 
The judgment of the trial court is affirmed.
 
                                                                                                    BRIAN HOYLE 
                                                                                                               Justice
 
 
Opinion delivered May 7, 2008.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.








                                                            (DO NOT PUBLISH)